**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **GEORGE F. TIDMARSH,**<br><br>*Plaintiff,*<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,**<br>200 Independence Avenue, S.W.<br>Washington, D.C. 20201,<br><br>*Defendant.* | Case No. 1:26-cv-4128 |

## COMPLAINT

1. Plaintiff George F. Tidmarsh, M.D., Ph.D. ("Plaintiff" and/or "Dr. Tidmarsh") brings this action against the United States Department of Health and Human Services (HHS), under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendant has failed to comply with the applicable time-limit provisions of the FOIA, Plaintiff is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency

records improperly withheld.

## PARTIES

5. Plaintiff George F. Tidmarsh, M.D., Ph.D., served as Director of the U.S. Food and Drug Administration's (FDA) Center for Drug Evaluation and Research (CDER) from July 2025 until November 2025. He is the recognized requester[1] of the three FOIA requests to the FDA designated FDA-FOIA-2026-547 ("Request 547"), FDA-FOIA-2026-548 ("Request 548"), and FDA-FOIA-2026-557 ("Request 557") (the "Requests"). The FDA has recognized Dr. Tidmarsh as both the requester and the subject of at least one of these requests by classifying it as a "1st party request." Ex. 2. Plaintiff's residential address and telephone number will be provided to the Court in a notice filed under seal pursuant to LCvR 5.1(c)(1).

6. Defendant HHS is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1), headquartered in Washington, D.C. The FDA is a component of HHS and was the original recipient of Plaintiff's FOIA requests.

## STATEMENT OF FACTS

*FOIA Request 547*

7. On January 15, 2026, Plaintiff caused to be submitted on his behalf by services vendor History Associates Incorporated ("HAI"), a FOIA request to FDA through FDA's online FOIA portal. Ex. 3. The request sought access to the FDA's documents and communications ("Category 1") with the following parameters:

> a. *from October 1, 2025, to the present concerning the FDA's and HHS's investigation into Dr. George Tidmarsh and the "serious concerns about his personal conduct";*

[1] Dr. Tidmarsh was the original intended beneficiary of the requests. His requests were submitted on his behalf and for his benefit by services vendor History Associates Incorporated. (HAI), which he hired through the law firm that is representing him in another matter. The FDA FOIA office has since recognized that Dr. Tidmarsh is the proper requester for these requests (see, Ex. 1, 2).

> b. *concerning Dr. Tidmarsh's appointment and resignation as Director of [the] Center for Drug Evaluation and Research (CDER);*
> c. *regarding Dr. Tidmarsh's LinkedIn post on September 29, 2025, attached hereto as Exhibit A;*
> d. *concerning Dr. Tidmarsh and Aurinia Pharmaceuticals Inc. and Aurinia Pharma U.S., Inc. (individually and collectively, "Aurinia");*
> e. *concerning the allegations set forth in the complaint filed against Dr. Tidmarsh by Aurinia in November 2025, attached hereto as Exhibit B, including any and all communications from or with Aurinia related to any of the allegations in the complaint, before or after the complaint was publicly filed on November 2, 2025;*
> f. *concerning the FDA's decision to place Dr. Tidmarsh on administrative leave on or about November 1, 2025.*

The request additionally sought the FDA's communications ("Category 2") with the following parameters*:*

> *"...with Kevin Tang or Aurinia Pharmaceuticals concerning Dr. Tidmarsh and all communications to or from then-FDA executive Dr. Vinay Prasad concerning Dr. Tidmarsh."*

8. On January 16, 2026, the FDA sent to HAI a letter acknowledging the request sent the previous day and assigning this request the FOIA tracking number FDA-FOIA-2026-547. Ex. 4.

*FOIA Request 548*

9. On January 15, 2026, Plaintiff caused to be submitted on his behalf by services vendor HAI, a FOIA request to FDA through FDA's online FOIA portal. Ex. 5. The request sought access to the FDA's documents and communications ("Category 1") with the following parameters:

> a. *From January 1, 2025, to the present concerning LUPKYNIS® (voclosporin);*

*b. concerning meetings between the FDA and American Laboratories Holdings, LLC ("American Laboratories"), Kevin Tang, his agents, or his representatives regarding animal-derived thyroid products or desiccated thyroid extract products from January 1, 2025, to the present.*

*The request sought the FDA's communications ("Category 2") with the following parameters:*

*a. Between the FDA and American Laboratories and/or Kevin Tang, his agents, and/or his representatives regarding animal-derived thyroid products or desiccated thyroid extract products;*

*b. between the FDA and American Laboratories, Kevin Tang, his agents, or his representatives regarding threatened or proposed litigation against the FDA by American Laboratories or Kevin Tang.*

*Finally, the request sought ("Category 3"):*

*An executed copy of the FDA Enforcement letter sent to American Laboratories on or about August 7, 2025, regarding animal-derived thyroid products or desiccated thyroid extract products.*

10. On January 16, 2026, the FDA sent to HAI a letter acknowledging the request sent the previous day and assigning this request the FOIA tracking number FDA-FOIA-2026-548. Ex. 6.

*FOIA Request 557*

11. On January 16, 2026, Plaintiff caused to be submitted on his behalf by services vendor HAI, a FOIA request to FDA through FDA's online FOIA portal. Ex. 7. The request sought access to the FDA's documents and communications ("Category 1") with the following parameters:

*a. Concerning the FDA's information request(s) to Aurinia Pharmaceuticals regarding LUPKYNIS® (voclosporin), and any documents provided by Aurinia to the FDA in connection with the request;*

*b. from January 1, 2025, to the present concerning the Center for Drug Evaluation and Research's (CDER) evaluation of the use of surrogate endpoints for approval of drugs;*
*c. regarding the "Commissioner's National Priority Voucher" program announced in June 2025;*
*d. concerning the appointment of Dr. Tracy Beth Hoeg as Director of CDER;*
*e. concerning Dr. Richard Pazdur's appointment and resignation as Director of CDER;*
*f. regarding Dr. Vinay Prasad's departure from the FDA in July 2025 and subsequent re-hiring by the FDA;*
*g. regarding Jim Traficant and the attached complaint filed against Dr. George Tidmarsh by Aurinia in November 2025.*

The request additionally sought the FDA's communications ("Category 2") with the following parameters*:*

> *"Between Dr. Vinay Prasad and Kevin Tang, his agents, his representatives, or Aurinia Pharmaceuticals."*

12. On January 16, 2026, the FDA sent to HAI a letter acknowledging the request sent that day and assigning this request the FOIA tracking number FDA-FOIA-2026-557. Ex. 8.

*Each of the requests was made on Plaintiff's behalf*

13. Plaintiff, through his retained counsel, engaged HAI, a professional research firm, to prepare and submit the FOIA requests. On January 15, 2026, HAI historian Eva Laverty-Wilson submitted Requests 547 and 548 through FDA's online FOIA portal at Plaintiff's direction, as his agent, for his benefit, and at his expense. On January 16, 2026, HAI research historian Chrissy Ringel submitted Request 557 through FDA's online FOIA portal at Plaintiff's direction, as his agent, for his benefit, and at his expense. Every category of records requested concerns Plaintiff, and HAI has no independent interest in the records. HAI has confirmed these facts in writing. Ex. 9.

*FDA's acknowledgment of the requests*

14. On January 16, 2026, FDA acknowledged via separate letters to HAI receipt of Requests 547, 548, and 557. Each of FDA's letters stated that, "[d]ue to an increase in

the number of incoming requests," FDA "may be unable" to comply with the twenty-working-day time limit and the ten additional days provided by FOIA. The letters did not identify any unusual circumstance specific to the requests or set a date by which FDA expected to make a determination. Ex. 4, 6, 8. On January 29, 2026, FDA emailed HAI the acknowledgment letters. Ex. 10.

15. On February 3, 2026, HAI sent FDA the two attachments referenced in Request 547 and acknowledged receipt of the delay notice in FDA's letter. Ex. 11. Neither HAI nor Plaintiff agreed to an alternative time frame for processing or to an open-ended delay.

*FDA's request for clarification of custodians for Request 547*

16. On February 10, 2026, FDA asked HAI to identify the custodians whose files should be searched for records responsive to Request 547, stated that an e-discovery search was required, and placed the request on hold pending a response. Ex. 12.

17. On February 19, 2026, at Plaintiff's instruction, HAI identified eight custodians: Martin A. Makary, Sara Brenner, James Traficant, Vinay Prasad (spelled "Vinayak" in HAI's list), Sean Keveney (spelled "Keveny" in HAI's list), Michael Davis, Sam Doran, and Sanjula Jain-Nagpal. HAI also advised that Dr. Makary used the Commissioner's email account and was referred to as "C1." Ex. 13.

18. On February 26, 2026, HAI asked FDA to confirm receipt of the custodian list and to provide an estimated completion date. Ex. 14. On March 17, 2026, FDA acknowledged receipt of the list and stated that it would have a better estimate of the time frame after receiving a pre-case assessment from its e-discovery unit. Ex. 15.

19. On March 27, 2026, HAI asked FDA to add a ninth custodian, Mallika Mundkur, "as long [as] it does not add a significant amount of processing time." Ex. 16.

20. On April 14, 2026, HAI again asked FDA whether it had received the pre-case assessment and requested an estimated response date. Ex. 17. FDA did not respond.

21. On April 16, 2026, FDA's action officer, Sara Ashton, emailed HAI, in connection with Request 557, a link to FDA's public web page about the Commissioner's National Priority Voucher program and information about a public hearing. That email did not make a determination on Request 557. Ex. 2.

*FDA's administrative transfer of the Requests to Plaintiff*

22. On or around May 21, 2026, HAI billed Plaintiff for its work on Request 547. To avoid further charges, Plaintiff asked HAI to stop work on his FOIA requests and to transfer them to him.

23. On May 21, 2026, HAI sent FDA a separate written notice for each Request, stating that all correspondence concerning the Requests should be directed to Plaintiff, copied Plaintiff at two email addresses, and again asked for a status update. Ex. 18. FDA did not respond, did not provide a status update, and did not update the contact of record.

24. On October 14, 2026, Plaintiff wrote to FDA's FOIA staff about the status of Request 547. On October 16, 2026, FDA's FOIA staff informed Plaintiff that Sara Ashton was the action officer assigned to Request 547. Ex. 19. Plaintiff wrote to Ms. Ashton the same day requesting a status update. She did not respond.

25. On November 5, 2026, Plaintiff asked FDA in writing for the status of the Requests and for expedited processing. FDA replied that HAI remained the requester of record for Requests 547 and 557, that its file for Request 548 had been updated to list Plaintiff as the requester of record, and that HAI should email FDA directly to have Plaintiff listed as the contact for Requests 547 and 557. Ex. 20.

26. On November 6, 2026, HAI wrote to FDA's action officer that it had learned FDA had no record of the May 2026 instructions transferring Requests 547 and 557 to Plaintiff. Ex. 20. HAI attached those May 2026 emails and asked FDA to confirm to Plaintiff that the requests had been transferred. Plaintiff submitted a further written request for expedited processing of Request 547 at that time.

27. Later on November 6, 2026, FDA's Denials and Appeals Officer responded that Request 547 "has now become a 1st party request," and that FDA would forward a copy to its Privacy Office because potentially responsive records may be contained in FDA's Privacy Act systems of records.[2] Ex. 1.

28. On November 9, 2026, FDA issued a partial denial letter for Request 547 addressed to Plaintiff by name and email, denying expedited processing and stating that Request 547 would be processed in the order received. The letter did not make a determination on the request. Ex. 21. The letter bears HAI's business address, not Plaintiff's.

29. On November 16, 2026, in response to Plaintiff's requests, FDA's Denials and Appeals Officer sent Plaintiff FDA's acknowledgment letters for the Requests and a table identifying the subject matter of each of them. Ex. 22.

30. HAI recognized that Plaintiff has all rights in each of the Requests in a message to him on May 21, 2026. Ex. 19. HAI notified FDA that Dr. Tidmarsh is the requester of the Requests on May 21, 2026, and again on November 6, 2026. Ex. 18, 19. FDA has since treated Plaintiff as the requester: it corresponded with Plaintiff directly about each of the Requests (Ex. 2), described Request 547 as a "1st party request" (Ex. 1), and addressed its November 9, 2026 letter on Request 547 to Plaintiff (Ex. 21).

---

[2] The FDA FOIA office's referral does not relieve FDA of its obligation to process Request 547 under FOIA. *See* 5 U.S.C. § 552a(t)(2).

*FDA has not made a determination or produced records for any of Plaintiff's requests*

31. As of the filing of this Complaint, FDA has not (a) determined whether it will comply with Requests 547, 548, or 557; (b) informed Plaintiff of the scope of the records it will produce or withhold, or of any exemptions it claims; (c) notified Plaintiff of any right to appeal such a determination; or (d) produced any records.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

32. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

33. Plaintiff properly requested records within the possession, custody, and control of FDA, a component of Defendant HHS.

34. HHS is an agency subject to FOIA, and it must therefore make reasonable efforts to search for requested records.

35. HHS has failed to promptly review agency records for the purpose of locating those records that are responsive to Plaintiff's FOIA requests.

36. HHS's failure to conduct an adequate search for responsive records violates FOIA and HHS and FDA regulations.

37. Plaintiff George F. Tidmarsh, M.D., Ph.D., is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly make reasonable efforts to search for records responsive to Plaintiff's FOIA requests.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

38. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

39. Plaintiff properly requested records within the possession, custody, and control of FDA, a component of Defendant HHS.

40. HHS is an agency subject to FOIA, and it must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

41. HHS is wrongfully withholding non-exempt agency records requested by Plaintiff by failing to produce non-exempt records responsive to his FOIA requests.

42. HHS is wrongfully withholding non-exempt agency records requested by Plaintiff by failing to segregate exempt information in otherwise non-exempt records responsive to Plaintiff's FOIA requests.

43. HHS's failure to provide all non-exempt responsive records violates FOIA and HHS and FDA regulations.

44. Plaintiff George F. Tidmarsh, M.D., Ph.D., is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to his FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to Plaintiff's FOIA requests;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiff's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests;

(4) Award Plaintiff the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant Plaintiff such other relief as the Court deems just and proper.

Dated: November 18, 2026

Respectfully submitted,

*/s/ Kerry S. Gutknecht*

Counsel for Plaintiff
GEORGE F. TIDMARSH

Kerry S. Gutknecht (D.C. Bar No. 1657705)
1319 F St NW Ste 301
PMB 154
Washington, DC 20004
(202) 789-1650
Kerry@GutknechtLegal.com